**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| **STEFANO CAVINATO,** on behalf of HIMSELF and all others similarly situated, | Case No. <br><br> Hon. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| **ALLY FINANCIAL, INC.,** | |
| Defendant. | |

VARNUM LLP
Perrin Rynders (P38221)
Jailah D. Emerson (P84550)
Attorneys for Plaintiff
480 Pierce Street, Suite 300
Birmingham, MI 48009
(248) 567-7800
prynders@varnumlaw.com
jdemerson@varnumlaw.com

## INTRODUCTION

1. This is a class action brought pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Plaintiff, individually, and all others similarly situated who (1) leased a vehicle through Ally, (2) later purchased the vehicle pursuant to the lease contract, and (3) were charged fees in connection with the vehicle purchase that were never disclosed by Ally in the lease contract.

2. According to Ally's financial reports, Ally originates over $30 billion annually in automobile leases in the per year, involving hundreds of thousands of lessees. All of Ally's leases are executed pursuant to a standardized form contract that Ally calls the "SmartLease" agreement. The SmartLease agreement provides that the lessee has the option of purchasing the vehicle at the

end of the lease term for a set price, plus official fees and taxes, which the agreement defines as governmental fees, such as license, title, registration, testing and inspection fees. At the end of the lease term, however, Ally refuses to sell the vehicle to its lessees for the set price listed on the SmartLease agreement. Instead, its lessees are forced to purchase the vehicle through a dealer for a higher price, which is inflated due to the inclusion of additional fees that were never disclosed in the SmartLease agreement.

3.     As a result, Plaintiff, and each Class Member, has been damaged in the amount of the undisclosed fees that are added to the purchase option price listed in the SmartLease agreement. In Plaintiff Cavinato's case, Cavinato was charged an additional $2,390.45 after several undisclosed fees were included in the purchase of the vehicle.

4.     On behalf of himself and the proposed class, Plaintiff asserts a claim under the federal Consumer Leasing Act ("CLA"). Plaintiff, on behalf of himself and the proposed class, seeks statutory damages, actual monetary damages, and injunctive relief.

## PARTIES

5.     At all times material to the allegations set forth herein, Plaintiff Stefano Cavinato was, and still is, an individual over the age of 21 residing in Miami-Dade County, Florida.

6.     At all times material to the allegations set forth herein, Ally (formerly GMAC, Inc.) was, and still is, a financial services corporation incorporated in the State of Delaware. Defendant's principal place of business is located at 500 Woodward Avenue, 10th Floor, Detroit, Michigan, 48226.

## JURISDICTION AND VENUE

7.     This action is brought as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) because this action is a class action; the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; and Plaintiff and certain members of the Class are citizens of states different from the states of which Ally is a citizen. This Court also has original subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because Plaintiff's Consumer Leasing Act claim arises under the laws of the United States.

9. Venue is proper pursuant to Chapter 28 U.S.C. § 1391(b)(1) and (b)(2) because a substantial part of the acts and omissions giving rise to the claims occurred in this District, where Ally is also headquartered.

10. Under Rule 4 of the Federal Rules of Civil Procedure, a corporation may be served by following state law for service. Consequently, this Court may exercise personal jurisdiction over Ally pursuant to M.C.L. §600.711, because Ally carries on "a continuous and systematic part of its general business within the state" and is headquartered within this District.

## SUBSTANTIVE ALLEGATIONS

11. Ally is one of the largest vehicle lessors in the country and originated more than $35 billion in automobile leases in 2020 alone.

12. Ally has distributed blank copies of its SmartLease agreement to over 18,000 car dealerships throughout the country. These dealerships independently enter into lease agreements for new vehicles with consumers, using Ally's standardized SmartLease agreement form. Ally then purchases these leases and the vehicles from the dealerships, who check a box on the SmartLease agreement indicating that they are assigning the lease and selling the vehicle to Ally. Ally generates revenue from lease payments and fees paid by consumers, and also recognizes a gain on the resale of the vehicle at the end of the lease.

**Mr. Cavinato's Lease**

13.    Stefano Cavinato entered into a thirty-eight-month lease with Rick Case Alfa Romeo Fiat Maserati ("Rick Case") on November 23, 2018 for a new 2019 Alfa Romeo Stelvio. A copy of this agreement is attached to the Complaint as Exhibit A. The dealer indicated that the lease would be assigned, and the vehicle sold, to Ally by checking a box toward the beginning of the lease agreement on page 1.

14.    Section 9 of the SmartLease agreement is titled "Purchase Option at End of Lease Term." It provides that "You have an option to buy the vehicle at the end of the lease term for $23,809.10, plus official fees and taxes."

15.    In section 13 of the agreement, Ally defines "Official Fees and Taxes" as "all government license, title, registration, testing, and inspection fees for the vehicle." Further, the lessee must "pay all taxes on the lease, payments due under the lease, or the vehicle that the government levies on you, the vehicle, or [Ally] (except our net income taxes)."

16.    Paragraphs 32 and 34 provide additional information on the purchase option:

> **OPTION TO BUY THE VEHICLE.** You have an option to buy the vehicle. The price to buy the vehicle after the start of the last monthly period is disclosed in Section 9. The purchase option price disclosed in Section 9 is the price for which we would sell the vehicle to you after the start of the last monthly period.

and

> **WHAT YOU OWE IF YOU BUY THE VEHICLE.** If you have paid us the amount you must pay to buy the vehicle under Section 32 and kept your agreements, you will owe us nothing more.

17.    Section 9 of the agreement, PURCHASE OPTION AT END OF LEASE TERM, provides that the purchase option price for the vehicle is $23,809.10.

4

18. At the beginning of the SIGNATURES block, the agreement provides an integration clause, stating that "THIS IS THE ENTIRE AGREEMENT. This lease contains the entire agreement between you and us relating to the lease of the vehicle. Any change to this lease must be in writing, and we must sign it. No oral changes are binding."

19. At the end of the lease term, Mr. Cavinato indicated that he wished to purchase the vehicle pursuant to the Purchase Option portion of the lease. The lease period was set to conclude on January 23, 2022. However, Mr. Cavinato was unable to complete the purchase pursuant to SmartLease with Ally and was instructed to purchase the vehicle through Rick Case.

20. On February 19, 2022, Mr. Cavinato contracted to purchase the vehicle from Rick Case. As indicated on the Retail Purchase Agreement (attached as Exhibit B), the cash price of the vehicle was initially listed as $24,974.10, which was already more than the price indicated on the lease agreement. After additional fees were tacked on, such as a Dealer Service Charge and a Battery Fee, the resulting Unpaid Balance Due was $26,199.55.

21. Thus, Mr. Cavinato was required to pay $2,390.45 more for the vehicle than was indicated on the lease agreement. The additional fees that were included in the purchase through Rick Case were not disclosed by Ally in the SmartLease agreement.

## CLASS REPRESENTATION ALLEGATIONS

22. Plaintiff brings this action on his own behalf and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The class Plaintiff proposes to represent is defined as follows:

> All persons who, within the applicable statute of limitations, leased a motor vehicle pursuant to a SmartLease Agreement that was assigned to Ally Financial Inc. or Ally Bank, later purchased the vehicle at the end of the lease term pursuant to the lease contract, and were required to pay fees that were not disclosed in the SmartLease Agreement when purchasing the vehicle (the "Class").

5

23. Excluded from the Class are the Defendant; the Defendant's parent entities, subsidiaries, and affiliates, and any of their directors and officers; and all members of any such director's or officer's immediate family. Also excluded from the Class are members of the judiciary and judicial staff of the United States District Court for the Eastern District of Michigan, including, all persons within a third degree of relationship to the judges and judicial staff of the United States District Court for the Eastern District of Michigan.

24. The prerequisites to class representation pursuant to Rule 23(a) are present in this action as follows:

   a. **Numerosity**. The members of the class are so numerous and geographically diverse that joinder of all of them is impracticable. While the exact number and identities of members of the Class are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes and therefore avers that there are tens of thousands of Class members throughout the United States.

   b. **Commonality**. There are questions of fact and law common to the claims of Plaintiff and the members of the Class that predominate over any questions affecting any individual member including, among others, the following questions:

   i. Whether Ally failed to disclose the additional fees that are added to the purchase price of its leased vehicles at the end of its leases;

   ii. Whether Ally's failure to disclose, in the lease documents, the additional dealer fees violates the federal Consumer Leasing Act.

   c. **Typicality**. Plaintiff's claims are typical of the claims of other members of the Class in that Plaintiff alleges a common course of conduct by Defendant towards members of the Class. Plaintiff, like other members of the respective Class, formed a lease contract with Defendant

and then purchased the leased vehicle at the conclusion of the lease term while being charged a previously undisclosed amount of fees, not included in the definition of "Official Fees and Taxes," that resulted in him, like the Class members, paying more money than was originally indicated in the SmartLease agreement. Plaintiff and the other members of the Class seek identical remedies under identical legal theories, and there is no antagonism or material factual variation between Plaintiff's claims and those of the respective Class.

d. **Adequacy**. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's claims are coextensive with, and not antagonistic to, the claims of the other members of the Class. Plaintiff is willing and able to vigorously prosecute this action on behalf of the Class, and Plaintiff has retained competent counsel experienced in litigation of this nature.

25. Plaintiff brings this action under Rule 23(b)(3) of the Federal Rules of Civil Procedure because common questions of law and fact predominate over questions of law and fact affecting individual members of the Class. Indeed, the predominant issues in this action are whether Defendant has, in a uniform manner, failed to disclose to members of the Class the additional fees charged by the dealers that are added to the purchase price of the vehicles at the end of the leases, and whether this conduct violates the Consumer Leasing Act.

26. The expense of litigating each Class member's claim individually would be so cost-prohibitive as to deny Class members a viable remedy. Should individual Class members be required to bring separate actions, this Court would be confronted with a multiplicity of lawsuits burdening the court system, while also creating risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale, and

comprehensive supervision by this Court. Certification under Rule 23 of the Federal Rules of Civil Procedure is, therefore, appropriate because a class action is superior to the other available methods for the fair and efficient adjudication of this action, and Plaintiff envisions no unusual difficulty in the management of this action as a class action.

## COUNT I

### VIOLATION OF FEDERAL CONSUMER LEASING ACT
### (15 U.S.C. § 1667, et seq.)

27.   Plaintiff Mr. Cavinato hereby incorporates by reference paragraphs 1 to 26 as if fully set forth herein.

28.   Ally is a lessor under 15 U.S.C. § 1667(3), because it is regularly engaged in leasing, offering to lease, and arranging to lease under consumer leases.

29.   Plaintiff's SmartLease agreement with Ally is governed by the disclosure requirements of 15 U.S.C. § 1667a and 12 C.F.R. § 213.4.

30.   Ally violated 15 U.S.C. § 1667a and 12 C.F.R. § 213.4 by, among other things:

   a. failing to disclose that Plaintiff would be required to purchase the vehicle from the original dealer, not Defendant; and

   b. failing to disclose that Plaintiff would be required to pay additional fees to the dealer upon purchasing the vehicle.

31.   These omissions were material to Plaintiff's decision to enter into the lease, and Plaintiff detrimentally relied on these material omissions. If the full extent of the additional fees that Plaintiff would be forced to pay to purchase the vehicle had been properly disclosed before he entered into the lease, he would have either negotiated a better lease or elected not to enter into the lease agreement.

32. Ally's violation of 15 U.S.C. § 1667a and 12 C.F.R. § 213.4 was the actual and proximate cause of the damages suffered by Plaintiff and the Class. Plaintiff Cavinato suffered at least $2,390.45 in actual damages as a result of Defendant's conduct.

33. Pursuant to 15 U.S.C. § 1640, Plaintiff and the Class are entitled to recover their actual damages and statutory damages from Ally.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for relief and judgment against Defendant as follows:

a. An order certifying the Class under the appropriate provisions of Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and their legal counsel to represent the Class;

b. Damages as provided by law;

c. Pre-judgment and post-judgment interest to the Class at the maximum rate permitted by applicable law;

d. Reasonable attorneys' fees and costs to counsel for the Class if and when pecuniary benefits are obtained on behalf of the Class;

e. Injunctive relief requiring Defendant to honor its obligation under its lease agreements to sell the leased vehicles for the price identified on the lease agreements; and

f. Such other and further relief as is just and proper.

                                              Respectfully submitted,

Dated: January 6, 2023                By: */s/* Perrin Rynders

                                              Perrin Rynders (P38221)
                                              Jailah D. Emerson (P84550)
                                              Varnum LLP
                                              Co-Counsel for Plaintiff
                                              480 Pierce Street, Suite 300
                                              Birmingham, MI 48009
                                              (248) 567-7800
                                              prynders@varnumlaw.com
                                              jdemerson@varnumlaw.com

                                              James L. Kauffman (#12915)
                                              Jack Bunn (*admission pending*)
                                              Bailey & Glasser, LLP
                                              Co-Counsel for Plaintiff
                                              1055 Thomas Jefferson Street NW,
                                              Suite 540
                                              Washington, DC 20007
                                              (202) 463-2105
                                              jkauffman@baileyglasser.com
                                              jbunn@baileyglasser.com

                                              Joshua Feygin (#124685)
                                              Joshua Feygin, PLLC
                                              Co-Counsel for Plaintiff
                                              1930 Harrison Street, Suite 208F
                                              Hollywood, FL 33020
                                              (954) 228-5674
                                              josh@jfeyginesq.com

                                              Darren Newhart (#115546)
                                              Newhart Legal PC
                                              Co-Counsel for Plaintiff
                                              14611 Southern Blvd., Suite 1351
                                              Loxahatchee, FL 33470
                                              darren@newhartlegal.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **STEFANO CAVINATO,** on behalf of HIMSELF and all others similarly situated, | Case No. 2:23-cv-10042 <br><br> Hon. |
| Plaintiff, | **JURY DEMAND** |
| v. | |
| **ALLY FINANCIAL, INC.,** | |
| Defendant. | |

VARNUM LLP
Perrin Rynders (P38221)
Jailah D. Emerson (P84550)
Attorneys for Plaintiff
480 Pierce Street, Suite 300
Birmingham, MI 48009
(248) 567-7800
prynders@varnumlaw.com
jdemerson@varnumlaw.com

---

Plaintiff, individually and on behalf of all members of the proposed Class, hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: January 6, 2023          By: */s/* Perrin Rynders
                                   Perrin Rynders (P38221)
                                   Jailah D. Emerson (P84550)
                                   Varnum LLP
                                   Co-Counsel for Plaintiff
                                   480 Pierce Street, Suite 300
                                   Birmingham, MI 48009
                                   (248) 567-7800
                                   prynders@varnumlaw.com
                                   jdemerson@varnumlaw.com

                                   James L. Kauffman (#12915)
                                   Jack Bunn (*admission pending*)

11

Bailey & Glasser, LLP
Co-Counsel for Plaintiff
1055 Thomas Jefferson Street NW,
Suite 540
Washington, DC 20007
(202) 463-2105
jkauffman@baileyglasser.com
jbunn@baileyglasser.com

Joshua Feygin (#124685)
Joshua Feygin, PLLC
Co-Counsel for Plaintiff
1930 Harrison Street, Suite 208F
Hollywood, FL 33020
(954) 228-5674
josh@jfeyginesq.com

Darren Newhart (#115546)
Newhart Legal PC
Co-Counsel for Plaintiff
14611 Southern Blvd., Suite 1351
Loxahatchee, FL 33470
darren@newhartlegal.com