# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

STEFANO CAVINATO,
individually, and on behalf of all
others similarly situated,

    Plaintiff,

v.

ALLY FINANCIAL INC.,

    Defendant.

CASE NO. 5:23-CV-10054-JEL-JJCG

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION**

**VARNUM LLP**
Perrin Rynders (P38221)
Jailah D. Emerson (P84550)
480 Pierce Street, Suite 300
Birmingham, MI 48009
P: (248) 567-7800

**BAILEY & GLASSER**
James L. Kauffman (#12915)
1055 Thomas Jefferson Street NW
Suite 540
Washington, DC 20007
P: 202-463-2101
Fax: (202) 463-2103

**SUE YOUR DEALER - A LAW FIRM**
Joshua Feygin (#124685)
1930 Harrison St, Suite 208
Hollywood, FL 33020
P: (954) 228-5674

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Kendra L. Huff (P69808)
949 Third Ave., Suite 200
Huntington, WV 25701
P: (304) 526-3505

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Robert J. McGahan (D.C. Bar# 446707)
101 Constitution Ave., NW, 9th Floor
Washington, DC 20001
P: (304) 526-3505
Fax: (202) 689-2860

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Lyndsey A. Stults (Mass. BBO# 687958)
One Financial Center, Suite 3500
Boston, MA 02111
P: (617) 217-4700
Fax: (617) 217-4710

### I. Introduction

Plaintiff moves for reconsideration under Local Rule 7.1(h) of this Court's Order of September 29, 2023 granting, in part, the motion of Defendant Ally Financial Inc. to compel arbitration ("the September 29 Order"). In so moving, Plaintiff does not allege a change in controlling law, or the discovery of new facts that merit a new outcome. Rather, Plaintiff simply rehashes arguments he has already made, and invites this Court to ignore controlling precedent of the United States Court of Appeals for the Sixth Circuit that has been routinely followed by district courts when considering a delegation clause in an arbitration agreement. Those precedents clearly hold that where a party has agreed to arbitrate a matter and the agreement contains a delegation clause, an arbitrator <u>must</u> in the first instance resolve all "gateway" issues concerning arbitration. *Swiger v. Rosette,* 989 F.3d 501, 505 (6th Cir. 2021); *Becker v. Delek US Energy, Inc.,* 39 F.4th 351, 356 (6th Cir. 2022); *Blanton v. Domino's Pizza Franchising LCC,* 962 F.3d 842, 850-51 (6th Cir. 2020).

Plaintiff reiterates his argument that the Retail Lease Order ("RLO") was superseded by the Lease Agreement, and relies on two cases in support – *Duval Motors Co. v. Rogers,* 73 So.3d 261 (1st DCA Fla. 2011) and *HHH Motors, LLP v. Holt,* 152 So. 3d 745 (1st DCA Fla. 2014). But neither *Duval* nor *HHH* considered the effect of a delegation clause in an arbitration agreement. As the Court already

1

correctly determined in its September 29 Order, that delegation clause is dispositive, and warrants sending this case to an arbitrator for further consideration of the arbitration clause's effect. In addition, the holdings of *Duval* and *HHH* have subsequently been called into question by another Florida appellate court, and were distinguished and rejected by two federal courts in the Southern District of Florida that resolved nearly identical cases in favor of arbitration. *See Lowe v. Nissan of Brandon, Inc.,* 235 So.3d 1021 (2d DCA Fla. 2018) and *Scherer v. Hyundai Capital America, Inc.,* 2022 WL 17488420 (S.D. Fla. Nov. 22, 2022), report and recommendation accepted by Order Adopting and Approving Report and Recommendation of Magistrate Judge; Granting Defendant's Motion to Compel Arbitration, [Dkt 27], December 7, 2022. Thus, Plaintiff's Motion for Reconsideration should be denied.

**II.** **Argument**

A. Plaintiff's Motion is Improper Under Local Rule 7.1(h)(2)

Motions for reconsideration of non-final orders are disfavored. Local Rule 7.1(h)(2). They may only be brought if the court made a "mistake"; an intervening change in controlling law warrants a different outcome; or new facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision. Local Rule 7.1(h)(2)(A)-(C). A party may not simply repeat the same arguments it advanced before in seeking

reconsideration of a motion which that party lost. *See Ruzindana v. FCA US LLC,* 2023 WL 4106436, at *1 (E.D. Mich. Jun. 21, 2023) ("A motion for reconsideration is not intended as a means to allow a losing party to rehash rejected arguments or to introduce new arguments.") (internal citations and quotations omitted)*; Fischer v. United States of America,* 589 F. Supp. 726, 728 (E.D. Mich. 2022) ("A motion for reconsideration that merely reasserts the same facts and legal arguments previously asserted is not proper unless there was some defect in the first hearing by which the court and the parties have been misled.").

Here, Plaintiff is simply repeating arguments which he made previously when he opposed Ally's original motion to compel arbitration. Compare Motion for Reconsideration at 2-3 with Plaintiff's Opposition to Defendant's Motion to Compel Arbitration, to the Dismiss the Case Pursuant to Fed. R. Civ. P. 12(b)(1), and to Strike Class Allegations at 16-17. In each brief, Plaintiff advanced the same argument, namely, that a so-called "merger" clause in one agreement negated the existence of an agreement to arbitrate in another. Plaintiff does not claim that the Court's consideration of Defendant's motion to compel arbitration was defective such that the Court was misled. *See Fischer,* 2023 WL 4106436, at *1. Accordingly, there is no basis on which to revisit this Court's September 29 Order and Plaintiff's Motion should be denied on this ground alone.

3

B. This Court Did Not Err When It Ordered Arbitration

In its September 29 Order, this Court correctly held that a non-signatory's ability to enforce a delegation clause falls into the category of enforceability, not formation. September 29 Order at 6 (citing *Becker,* 39 F.4th at 351). Plaintiff attempts to evade this straightforward principle by claiming that the RLO which contained the arbitration provision somehow vanished into thin air because of a so-called merger clause contained in the SmartLease Agreement with Plaintiff. Plaintiff's Motion at 2-3. That presumption is incorrect—there is no question that Plaintiff executed the RLO which contained an arbitration provision and that RLO stated that it would "survive the execution of the Lease Agreement" and would encompass claims relating to "any resulting transaction or relationship." That RLO did not somehow disappear as a result of the SmartLease Agreement and the RLO remains a valid, existing agreement. *Scherer,* 2022 WL 17488420 at n. 9; *Lowe,* 235 So.3d at 1028 (prior agreement with arbitration clause continues to exist "where the contract with the arbitration clause incorporates by reference the contract which does not contain an arbitration clause").[1]

---

[1] Courts in other states when confronted with similar arguments by plaintiff seeking to avoid arbitration have arrived at the same result urged here. *See, e.g., Walker v. Hyundai Capital America, Inc.,* 2018 WL 1352173, at *2 (S.D. Ga. Mar. 15, 2018) (rejecting argument that "merger clause" in a retail installment sale contract vitiated arbitration clause in separate vehicle purchase agreement).

Presumably if Plaintiff elected to sue the dealership—which he has pointedly refused to do in a transparent effort to avoid the arbitration clause—he would not deny that the RLO remained a valid agreement. Accordingly, whether Ally can rely on the arbitration clause contained in that RLO as a non-signatory because Plaintiff is estopped from denying its force and effect is a question for an arbitrator—not this Court. *In re StockX Customer Data Security Breach Litigation,* 19 F.4th 873, 880 (6th Cir. 2021) ("If an agreement exists, then as a matter of substantive federal arbitration law, an arbitration provision and delegation provision are severable from the remainder of the contract.") (internal quotations omitted).

Tellingly, Plaintiff cites no cases in this Circuit that stand for the proposition which he advances—that a court may ignore a delegation provision when a party has indisputably agreed to delegate gateway questions of arbitrability to an arbitrator. Instead, he relies on two Florida cases to argue that the effect of a merger clause in a subsequent contract renders an earlier agreement nonexistent. *Duval Motors Co.,* 73 So.3d 261 and *HHH Motors, LLP,* 152 So. 3d 745. However, as two federal judges in the Southern District of Florida held, those cases are distinguishable from the instant case because they did not involve delegation clauses and because the language of the underlying contracts appeared to be materially different than those at issue here. *Scherer,* 2022 WL 17488420 at n. 9

5

("[T]he arbitration provision . . . continued to *exist* based on the plain language of the contract . . . [and] there is no indication in the . . . cases Plaintiff relies upon that the contracts involved there contained language similar to the significant language present in the RLO and Arbitration Provision here.") (emphasis in original). Plaintiff has never substantively addressed *Scherer* in his original opposition papers or in this motion to reconsider—at all.

Moreover, the continuing validity of both *Duval* and *HHH Motors, LLP* is in doubt—*Duval* relied on *Krueger v. Heartland Chevrolet, Inc.,* 289 S.W.3d 637 (Mo. Ct. App. 2009) which was later abrogated by the Supreme Court of Missouri in *Johnson ex rel. Johnson v. JF Enterprises, LLC,* 400 S.W.3d 763, 767 (Mo. 2013) (to "interpret the merger clause to make the installment contract the total contract of the parties would preclude giving effect to these other contemporaneously signed papers."). Furthermore, the court in *Lowe* explicitly noted its conflict with the holdings in both of those cases raising further question as to the continuing validity of those precedents. *Lowe,* 235 So.3d at 1028.

6

### III.  **Conclusion**

For the reasons set forth above, Ally respectfully requests that this Court deny Plaintiff's Motion for Reconsideration.

Respectfully submitted,

Dated: November 3, 2023   By: */s/ Robert J. McGahan*
Robert J. McGahan (*pro hac vice*)
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Counsel for Ally Financial Inc.
101 Constitution Ave., N.W., 9th Floor
Washington, DC 20001
Telephone: 202-689-2986
Fax: 202-689-2860
Email: Robert.mcgahan@nelsonmullins.com

Kendra L. Huff (P69808)
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Counsel for Ally Financial Inc.
949 Third Avenue, Suite 200
Huntington, WV  25701
Telephone: (304) 526-3500
Fax: (304) 526-3599
Email: kendra.huff@nelsonmullins.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

**STEFANO CAVINATO**, on behalf of HIMSELF and all others similarly situated,

    Plaintiff,

v.                                                 Case No. 5:23-cv-10054

**ALLY FINANCIAL, INC.**,

    Defendant.

## CERTIFICATE OF SERVICE

I certify that on the 3rd day of November, 2023, I served ***"Defendant's Response to Plaintiff's Motion for Reconsideration of the Court's Order Granting Defendant's Motion to Compel Arbitration"*** upon all parties of record and filed with the Clerk of the Court utilizing the CM/ECF system which will send electronic notification of such filing to all parties of record.

                                                 */s/ Kendra L. Huff*
                                                 Kendra L. Huff, Esquire (P69808)